# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM STAPLES,**

                **Plaintiff,**

      v.                                   CASE NO. 18-3095-SAC

**UNITED STATES OF AMERICA, et al.,**

                **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a *Bivens*-type[1] civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se and in forma pauperis. The Court has conducted a review of the complaint and, for the reasons that follow, directs plaintiff to show cause why this matter should not be dismissed.

### Background

The complaint names as defendants (1) the United States of America, (2) Mark Inch, Director of the federal Bureau of Prisons (BOP), (3) Ian Conners, Administrator of National Inmate Appeals, (4) the unknown Regional Director of the North Central Region of the BOP, (5) Claude Maye, the former warden of the United States Penitentiary-Leavenworth (USPL), (6) the Unit Discipline Committee, (7) Correctional Officer Butz, and (8) M. Raletz, a member of the USPL education staff.

Plaintiff alleges that during a July 2015 orientation session at the USPL he initially refused to sign several forms as directed but eventually complied to avoid placement in the Special Housing Unit

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

(SHU).

He next alleges that in March 2016, defendant Raletz prepared an incident report charging him with refusing a work assignment. The matter was referred to the Unit Discipline Committee (UDC), which eventually found plaintiff guilty and imposed the sanction of the loss of visitation for 15 days. Plaintiff unsuccessfully appealed the sanction.

Plaintiff alleges these events violated his First Amendment right "to not be forced to sign documents"; subjected him to cruel and unusual punishment; and violated a created liberty interest. He seeks the expungement of the disciplinary report and damages.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to

the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Analysis**

*Improper defendants*

In *Bivens*, the United States Supreme Court created a remedy for constitutional violations caused by federal officials. *Bivens*, 403 U.S. 388. "[A] *Bivens* claim can be brought only against federal officials in their individual capacities" and may not be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009)(citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994)).

A *Bivens* claim must rest upon the direct personal participation of individual defendants in their individual capacities. *Menteer v. Applebee*, 196 F. App'x 624, 627 (10th Cir. 2006) (unpublished) (affirming dismissal of "*Bivens* claim against U.S. Attorney General and U.S. Marshal in their individual capacities for failure to allege personal participation or actual knowledge and acquiescence")(citing *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992)).

The United States is not a proper defendant in this matter and must be dismissed. And, because plaintiff identifies no personal participation by them, Director Inch, the unknown Regional Director, and Warden Maye also are subject to dismissal.

Plaintiff's claim against the Administrator of National Inmate Appeals also is subject to dismissal. For screening purposes, the Court has liberally construed the complaint to allege that this defendant participated in the grievance process concerning plaintiff's disciplinary incident report.

Even under that construction, this defendant is subject to

dismissal. A prison official whose activity is limited to processing or denying a grievance cannot be held liable on that basis. *Rosales v. Ortiz*, 2008 WL 877173, *7 (D. Colo. Mar. 27, 2008), *aff'd* 325 F. App'x 695 (10th Cir. 2009).

*First Amendment claim*

Plaintiff's claim that he was forced to sign papers in violation of the First Amendment is subject to dismissal for failure to state a claim on which relief may be granted. Plaintiff fails to describe the nature of the papers he signed, to provide any authority for his argument, or to explain how his decision to sign the papers rather than be placed in the SHU violated his rights.

*Disciplinary action*

Plaintiff broadly challenges the disciplinary action against him as a violation of the Eighth Amendment. It is settled that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Officials violate the Eighth Amendment only where the deprivation in question is "objectively sufficiently serious" and the prison official acts with a "sufficiently culpable state of mind." *Id*. In cases concerning prison conditions, the requisite state of mind is one of deliberate indifference. *Id*. Plaintiff's bare allegation of disciplinary action and a brief restriction on visitation fails to adequately allege either sufficiently serious conditions or deliberate indifference by officials.

Likewise, plaintiff's allegations do not support a claim of a due process violation. A prisoner's right to due process generally is not implicated by disciplinary action that does not "impos[e]

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Sanctions such as the brief restriction in this matter do not implicate a protected liberty interest. Because a prisoner does not have a liberty interest in retaining privileges, the brief loss of visitation imposed on plaintiff as a disciplinary measure did not result in an atypical hardship in the context of normal prison life. *See Marshall v. Morton*, 421 Fed.Appx. 832, 838 (10th Cir. 2011) ("restrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests").

*Liberty interest*

Plaintiff alleges the violation of a liberty interest arising from BOP Program Statement 5270.09, *Inmate Discipline Program*.

The Due Process Clause protects against "deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

As explained, liberty interests protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, *id*.

Plaintiff provides no supporting facts or argument for this claim, although it appears that he is dissatisfied with the investigation and the decision by the UDC. That alone, however, is

insufficient to state a claim for relief.

### Order to Show Cause

For the reasons stated, plaintiff is ordered to show cause why this matter should not be dismissed. Plaintiff is also given the opportunity to file a complete and proper amended complaint that corrects all the deficiencies discussed in this order.

Plaintiff's amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **April 4, 2019**, to show cause and to submit an amended complaint. The failure to file a timely response will result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 4th day of March, 2019, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge